In re Frank R. WARD, Jr., Carol
Ann Ward, Debtors.

Bankruptcy No. 2–80–03565.

United States Bankruptcy Court,
S. D. Ohio, E. D.

Aug. 19, 1981.

Leslie B. Swinford, Jr., Columbus, Ohio, for Avco Financial Services Loan, Inc.

Robert H. Farber, Jr., Columbus, Ohio, for debtors.

Frank Pees, Worthington, Ohio, Trustee.

## ORDER ON MOTION TO AMEND ORDER ON OBJECTION TO CONFIRMATION

R. J. SIDMAN, Bankruptcy Judge.

Avco Financial Services Loan, Inc. ("Avco") has requested that this Court reconsider its March 17, 1981, order which ruled on Avco's previously filed objection to confirmation of the Chapter 13 plan proposed by Frank and Carol Ward. The reconsideration is requested on the assertion that this Court's finding as to the market value of the real estate owned by these debtors is erroneous and violates due process of law and that the Court, by following its previously rendered decision in the case of In re Neal, 10 B.R. 535 (Bkrtcy., S.D. Ohio 1981), applied facts not in the record and subject to dispute in this case. Specifically, Avco disputes the 10% cost of sale figure applied to the facts in this case.

This motion was set for hearing, and the Court heard evidence presented by the parties with respect to the presently contested issues and took the matter under advise-

ment. The Court makes the following findings of fact.

On September 25, 1980, the debtors filed a voluntary joint petition under the auspices of Chapter 13 of the Bankruptcy Code. A Chapter 13 plan and attendant Chapter 13 statement were filed at the same time. Pursuant to that filing, the Court set the date of November 10, 1980, as the date for the meeting of creditors pursuant to § 341(a) of the Bankruptcy Code and further set that same date for the hearing on confirmation of the Chapter 13 plan required by § 1324 of the Bankruptcy Code. That notice, sent to Avco and all other creditors in the Chapter 13 case, stated, among other things, that "Claims secured by non-voidable liens will be allowed as secured only to the extent of the value of the property securing the claims . . ." Further, the provisions of § 506 of the Bankruptcy Code, with respect to the determination of a secured status of a creditor in a bankruptcy proceeding, provides:

"(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, *and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.*" 11 U.S.C. § 506(a).

Avco, thus, had ample notification that the value of its interest as a secured creditor in this case would be determined at the time of confirmation of the debtors' Chapter 13 plan which was set at November 10, 1980.

The original plan proposed by the debtors called for a $185.00 monthly payment to the Chapter 13 trustee and full payment on all allowed secured and unsecured claims. It was this 100% plan which was originally noticed to creditors in this proceeding. Some time before the hearing on confirmation commenced on November 10, 1980, the debtors determined that it was not possible to execute their original proposal, and they amended their Chapter 13 plan to propose one of two alternative plans: payment of $75.00 per month for a period of thirty-six (36) months, payment of a first mortgage holder (North Central Mortgage Company) outside the plan and payment of a second mortgage holder (Avco) outside the plan, and a 10% dividend on unsecured claims, or, payment of $220.00 per month for a period of thirty-six (36) months, payment of the first mortgage holder outside the plan, and payment of a 10% dividend on all allowed unsecured claims. Under the second alternative, Avco would be paid "inside the plan" by the Chapter 13 trustee for the value of its secured interest in the real estate of the debtors and at the rate of 10% on any portion of its claim which might be found to be unsecured. Avco objected to this Chapter 13 plan *solely* on the basis that the plan proposed a modification of its rights prohibited under the provisions of § 1322(b)(2) of the Bankruptcy Code. At this time Avco made no effort to introduce any evidence into the record at all. It merely relied on its legal argument that its rights could not be modified under the statute. Also at this point in time, November 10, 1980, no appraisal had been introduced which could have independently verified the value of the debtors' residential real estate. In fact, one week later, an appraisal was submitted indicating a current fair market value of $34,000.00 to $35,000.00, conventional price. Contrasted with this valuation, the debtors had indicated on their Chapter 13 statement (and had testified) that the market value of their residential real estate was $42,500.00. Subsequently, at the April 29, 1981, hearing held by this Court, Avco introduced a real estate appraisal which fixed the value of the real estate at $39,000.00. At the time this Court issued its March 17, 1981, order, the only

expert evidence in the record with respect to the value of the real estate was the appraisal submitted on November 17, 1980, indicating a value of the real estate at $34,000.00 to $35,000.00. The Court discounted the debtors' own valuation in their Chapter 13 statement on the basis that the value was more accurately set by actual appraisal by a qualified real estate appraiser and also on the basis that the valuation assigned by the debtors was partly premised on the existence of an above-ground swimming pool on the property which had subsequently been removed.

Thus, based upon factors in the record before the Court on March 17, 1981, the Court issued an order which, under the provisions of § 506(a) of the Bankruptcy Code, determined the value of the debtors' residential real estate and thus set the amount of the allowed secured claim of Avco.

Avco now submits that this finding was made without regard to due process requirements. This Court disagrees. Avco had adequate notification that its status in this proceeding would be determined by the Court at the time of the confirmation hearing on November 10, 1980. Avco chose not to submit any evidentiary proof at that time that the real estate in question was, indeed, worth substantially more than the $34,000.00 to $35,000.00 amount eventually set by the Court. No statement made by Avco's counsel was sufficient to place in dispute that valuation. Avco chose, of its own volition, not to place into the record adequate facts which could have protected its position, and thus this Court declines to agree with Avco's assertion that due process requirements were violated in the setting of the valuation for the real estate.

However, a larger question is now presented to the Court, and that is whether or not the valuation that was actually set by the Court in its March 17, 1981, order, is fair in light of all the circumstances, or whether it should be reconsidered at this time. Several values are suggested by the record presently before the Court. The debtors, who initially indicated a valuation of $42,500.00 in their Chapter 13 statement

now are vigorously defending the appraisal which sets forth a $34,000.00 to $35,000.00 value. Avco has now submitted an appraisal and offered the testimony of the appraiser which sets the value at $39,000.00. This latter value is substantially undermined, in the Court's opinion, by the admission of the appraiser that he did not know in which school district the property was located. The appraiser acknowledged that the school system in which the property was located would affect its value and that he was not aware as to whether or not the property in question was located in the Columbus City School District or the South-Western Local School District. In fact, the property is in the Columbus School District, a factor which would tend to suppress the value of the property and would tend to undermine the "comparables" cited by that appraiser in arriving at his opinion at the fair market value. Some of the "comparables" are located in the South-Western Local School District. In light of these factors, the Court hereby finds that the value of the debtors' residential real estate should be reconsidered at this time and is hereby set at $37,000.00. Thus, Avco's allowed secured claim in this proceeding will be $2,810.00 (allowing a 10% cost of sale figure), and its allowed unsecured claim will be $2,942.65.

Avco makes much ado about the 10% cost of sale figure used in the case of *In re Neal*, supra, and applied to the facts of this case. The provisions of § 506(a) of the Bankruptcy Code require this Court to value a creditor's interest in property of the estate. The property in this case is the debtors' residential real estate, and the creditor's interest is a second mortgage interest. The distinction to be drawn is between the value of the property and the value of the creditor's interest in such property. The latter value is the one that is statutorily-mandated under § 506(a) of the Bankruptcy Code to be used in determining the secured status of a creditor in a bankruptcy case. *In re Paige*, 13 B.R. 713, (Bkrtcy.S.D.Ohio, 1981). This latter value properly takes into account costs of sale and justifies a 10% factor in determining the cash amount realizable by a lien creditor in real estate.

Based upon the foregoing, the Court hereby determines that Avco's motion to amend is without merit and it is hereby overruled. An Order Confirming Plan will issue upon submission by the debtors, within ten (10) days of the date of this Order, of a Chapter 13 plan whose terms will conform with the findings made herein.

IT IS SO ORDERED.